GUILLERMO ESTEVES, COMMISSIONER OF THE INTERIOR, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 828. Submitted December 22, 1930.—Decided January 15, 1932.

*James R. Beverley, Attorney General,* and *M. Rodríguez Serra, Assistant Attorney General,* for appellant. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the Court.

On the 5th of December, 1930, Amadée Du Laurens D'Oiselay made a deed in favor of the People of Puerto Rico. The deed purported to convey a naked interest that the said grantor had in the "El Duque" farm in Lares and to convey the usufruct of his mother in the same lands. The name of the latter was Marie Charlotte Francoise de Duranti La Calade veuve du (widow of) Laurens. With

respect to the usufruct, the said grantor purported to be acting under a power of attorney executed to him in France by his mother.

When the said deed and the accompanying power of attorney were presented to the Registrar of Property of Aguadilla, he recorded the same in so far as the naked property was concerned, but refused to make the record with regard to the usufruct of the mother because of alleged defects in the power of attorney.

These alleged defects are substantially two: First, that the notary in Avignon, France, failed to certify to his personal knowledge of the grantor or of two witnesses known to the notary who should certify to their acquaintance with the grantor of the usufruct; and, second, that the power of attorney appears to be signed by the alleged mother as Durant veuve du Laurens when her name in fact was Duranti veuve du Laurens.

Guillermo Esteves in the name of the People of Puerto Rico appealed from this ruling of the registrar.

Section 20 of the Notarial Law provides in part as follows:

"The following public instruments shall be null and void:

"*     *     *     *     *     *     *

"Third. Those in which the notary fails to certify as to his knowledge of the parties, or to supply this deficiency with witnesses of identification . . . ."

The appellant places some reliance on section 11 of the Civil Code of Puerto Rico, as follows:

"The forms and solemnities of contracts, wills and other public instruments are governed by the laws of the country in which they are executed.

"When such acts are authorized by diplomatic or consular officials of the United States abroad, the formalities established for their execution by the laws of the United States shall be observed.

"Notwithstanding the provisions of this and the preceding section, prohibitory laws relating to persons, their acts or property, and those which relate to public order and to good morals shall not be

held invalid by reasons of laws, decisions, regulations or agreements in force in any foreign country.''

Assuming, then, that in this case is involved the ''form'' or ''solemnity'' set out in section 11, nevertheless, we can not take judicial notice of the law of France, nor could the registrar. We have no idea of what the law of France is in this regard and presumptively the law there in regard to deeds is the same as in Puerto Rico. 10 R. C. L. 890 *et seq.* Without a showing of what the laws of France are, section 11 of the Civil Code can not avail the appellant. It is not incumbent on the registrar to show that the laws are different, but the registrant should show what these laws are.

The appellant then places some reliance on the presumption of paragraph 15 of section 102 of the Law of Evidence, as follows: ''That official duty has been regularly performed.'' The authorities show that this presumption can not be relied upon to show an independent fact. *U.S.* v. *Carr,* 132 U.S. 644, 22 C.J. 135. Examining some of the authorities cited under note 30, page 139, of 22 C.J., it will be seen that the presumption relates to the regularity of the certificate of the notary or similar matters. For example, it has been held in various states that it will be presumed that the notary acted within the county wherein he is authorized to act and not outside. It stands to reason that a notary might execute a deed with perfect regularity and still not comply with the rules and regulations for a deed to take effect in a foreign country. The presumption of regularity can not supply the identity of the grantor required by section 20 of the Notarial Law.

Furthermore, section 102 of the Law of Evidence relates to a presumption. There are various definitions of what a presumption is, but in point of fact it is a bit of evidence generally in an adversary suit wherein, on the proof of certain facts, the party producing them need go no further but the burden of the evidence is on his opponent. We do not care to go into very extended considerations as to what presump-

tions might be used in the recording of deeds, but we are quite well satisfied that the presumption of regularity, controvertible as it is, does not supply the certainty that the recording of instruments requires. In a court the opposite side has the opportunity to contradict or to waive the effect of a presumption. The men, women, and children of Puerto Rico would have no such privilege or opportunity in a case like the present one, but can only be protected by the registrar. If in point of fact the notary did not comply with the law, the act of the registrar is what protects the mother of the grantor in this case.

The appellant maintained that this was only a power of attorney, but powers of attorney must observe the same forms and solemnities that are observed in the deeds that they are going to affect. Section 1247 of the Civil Code. Moreover, section 20 of the Notarial Law refers to all instruments.

With respect to the other ground, we think the registrar is mistaken. The original power of attorney was exhibited and at the end thereof is the name of the alleged mother of Amadée du Laurens. While the name Durant might be all that necessarily appears, there is a little mark or extension of the name at the end of it that might readily pass for an additional ''i''. Furthermore, we are quite agreed with the appellant that, under the decisions of this Court, if Madame Duranti signed her name customarily so as to appear more or less like Durant, it still would serve for her signature. *Rivera* v. *Registrar of San Germán,* 29 P.R.R. 841.

The note should be affirmed because of the first ground of rejection.